IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARVIN R. SEXTON, JR., | ) | No. C 11-3460 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE |
| v. | ) ) | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, J. FRIETACHE, M. JONES, and AVILA, | ) ) ) ) | |
| Defendants. | ) ) | |

  Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service on the named defendants.

**DISCUSSION**

A. Standard of Review

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Liberally construed, Plaintiff alleges that on January 24, 2011, and January 26, 2011, he suffered from excessive force and cruel and unusual punishment.

## CONCLUSION

For the reasons stated above, the court orders as follows:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter and all attachments thereto (Docket No. 1), and a copy of this order upon: the **San Francisco Sheriff's Department, Officer J. Frietzache #1943, Officer M. Jones #1601,** and **Officer Avila** at the **San Francisco's Sheriff's Department.** The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the court prior to the date the motion for summary judgment or other dispositive motion is due.**

3. The court hereby extends the time to file an answer or waiver of answer, see 42 U.S.C. § 1997e(g)(1), to a date to be set after the court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

4. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

1       5.      Any motion for summary judgment shall be supported by adequate factual
2  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
3  Procedure.

4       6.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
5  served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

6              a. In the event defendants file an unenumerated motion to dismiss under Rule
7  12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of
> the Federal Rules of Civil Procedure, on the ground you have not exhausted your
> administrative remedies.  The motion will, if granted, result in the dismissal of
> your case.  When a party you are suing makes a motion to dismiss for failure to
> exhaust, and that motion is properly supported by declarations (or other sworn
> testimony) and/or documents, you may not simply rely on what your complaint
> says.  Instead, you must set out specific facts in declarations, depositions, answers
> to interrogatories, or documents, that contradict the facts shown in the defendant's
> declarations and documents and show that you have in fact exhausted your
> claims.  If you do not submit your own evidence in opposition, the motion to
> dismiss, if appropriate, may be granted and the case dismissed.

              b. In the event defendants file a motion for summary judgment, the Ninth Circuit
has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which
> they seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when there is
> no genuine issue of material fact--that is,  if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of material fact
> for trial.  If you do not submit your own evidence in opposition, summary
> judgment, if appropriate, may be entered against you.  If summary judgment is
> granted in favor of defendants, your case will be dismissed and there will be no
> trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.Rmw\CR.11\Sexton460srv.wpd        3

Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis,</u> 18 F.3d 651, 653 (9th Cir. 1994).

       7.     Defendants <u>shall</u> file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

       8.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       9.     All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

      10.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel.  <u>See</u> Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  <u>See</u> Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some</u>

1 or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered
2 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
3 Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
4 with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
5 motion to compel he must send a letter to defendants to that effect, offering them one last
6 opportunity to provide him with the sought-after information.

7      11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
8 informed of any change of address and must comply with the court's orders in a timely fashion.
9 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
10 Federal Rule of Civil Procedure 41(b).

11      IT IS SO ORDERED.
12 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Service
P:\PRO-SE\SJ.Rmw\CR.11\Sexton460srv.wpd    5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARVIN R. SEXTON JR,

        Plaintiff,

  v.

SF SHERIFF DEPT. et al,

        Defendant.

Case Number: CV11-03460 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvin R Sexton 583281
10686200
850 Bryant Street
San Francisco, CA 94103

Dated: August 30, 2011

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk