|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |
| 8 |  |
| 9 |  |
| 10 |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MARVIN R. SEXTON, JR., | ) No. C 11-3460 RMW (PR) |
|---|---|
| Plaintiff, | ) ORDER GRANTING |
| v. | ) DEFENDANTS' MOTION TO ) DISMISS |
| SAN FRANCISCO SHERIFF DEPARTMENT, et al., | ) (Docket No. 15.) |
| Defendants. | ) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants used excessive force and exhibited cruel and unusual punishment against him. Defendants have moved to dismiss this action for failure to exhaust. Although given the opportunity, plaintiff did not file an opposition. On May 22, 2012, defendants filed a reply. On July 31, 2012, the court provided plaintiff an opportunity to file a supplemental opposition pursuant to Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012). Plaintiff did not file a supplemental opposition. Having carefully considered the papers submitted, the court GRANTS defendants' motion to dismiss for the reasons set out below.

**BACKGROUND**

According to the complaint, on January 20, 2011, plaintiff was leaving the interview room at the San Francisco County Jail when Deputy Frietzache put his hands on plaintiff's

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.11\Sexton360mtdexh.wpd

1  shoulders.  After plaintiff told Deputy Frietzache to remove his hands, Deputy Frietzache  threw
2  plaintiff to the floor and began punching him in the face.  Deputy Frietzache also slapped and
3  kicked plaintiff while plaintiff attempted to curl up into a ball even though he was handcuffed
4  and shackled.  Plaintiff was denied medical treatment and placed in "D block" for over five
5  hours with no restroom facilities.
6      On January 24, 2011, plaintiff was being escorted back to a cell while in leg shackles and
7  handcuffs (which were chained to the shackles).  Deputy Jones grabbed plaintiff's chain and
8  Deputy Avila bent plaintiff's wrist and fingers backward, causing a deep cut and bleeding in
9  plaintiff's wrist.  Plaintiff was refused medical treatment.

## DISCUSSION

11  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought
12  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a
13  prisoner confined in any jail, prison, or other correctional facility until such administrative
14  remedies as are available are exhausted."  28 U.S.C. § 1997e(a).  Nonexhaustion under
15  § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving
16  the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding
17  a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the
18  pleadings and decide disputed issues of fact.  Id. at 1119-20.  If the court concludes that the
19  prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without
20  prejudice.  Id. at 1120.
21      Although once within the discretion of the district court, exhaustion in prisoner cases
22  covered by § 1997e(a) is now mandatory.  Porter v Nussle, 534 U.S. 516, 524 (2002).  The
23  exhaustion requirement requires "proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93
24  (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical
25  procedural rules because no adjudicative system can function effectively without imposing some
26  orderly structure on the course of its proceedings."  Id. at 90-91 (footnote omitted).

1    At the time of the alleged constitutional violation, the San Francisco County Sheriff's
2 Department provided inmates in the county jails with a procedure for filing written grievances
3 against staff members. (Decl. Brin at ¶ 3, Ex. A at 6.) If a prisoner is filing a grievance against
4 staff, he shall send it directly to the Facility Commander. (Decl. Brin, Ex. A at 6.) The Facility
5 Commander will log the grievance, and has seven days to respond. (Id.). If the inmate is
6 satisfied with the response, the grievance process ends, but if he is not satisfied, he may appeal
7 the decision to the Custody Division Commander. (Id.) The Custody Division Commander has
8 seven days to respond to the appeal, and the response is sent to the Facility Commander and to
9 the inmate. (Id.) Once the Custody Division Commander has completed his response, the
10 inmate has exhausted his administrative remedies (Id. at 5.)

11    Defendants argue that plaintiff has failed to exhaust his claims. Defendants provide
12 evidence that plaintiff submitted a grievance on January 31, 2011, alleging that he was subjected
13 to excessive force by San Francisco deputies. (Decl. Brin at ¶ 5.) There is no other record of an
14 excessive force grievance within the appropriate time period. (Id. at ¶ 6.) Plaintiff's grievance
15 was given to the Chief of Custody Division Commander, Ellen Brin, with a warning from
16 Captain Miyamoto informing her that plaintiff failed to provide sufficient information in his
17 grievance to allow the captain to determine what plaintiff's complaint was. (Id. at ¶ 5.) Thus,
18 Chief Brin sent a letter to plaintiff requesting that he provide additional information such that she
19 could investigate his claims. (Id., Ex. C.) Plaintiff never provided such information. (Id. at ¶ 6.)

20    Compliance with prison grievance procedures is all that is required by the PLRA to
21 "properly exhaust." Jones v. Bock, 549 U.S. 199, 217-18 (2007). The level of detail necessary
22 in a grievance to comply with the grievance procedures will vary from system to system and
23 claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries
24 of proper exhaustion. Id. at 218. Here, the jail grievance form specifically asks the inmate to
25 "please be specific: time, date, etc." in stating his grievance. (Decl. Brin, Ex. B.) Further, Chief
26 Brin's letter advise plaintiff that she cannot investigate the grievance without more specific
27 information, such as dates, times, or staff names. (Decl. Brin, Ex. C.) Plaintiff's grievance did
28

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.11\Sexton360mtdexh.wpd

1  not include enough detail, and even after being given an opportunity to provide such detail,

2  plaintiff did not comply.  Thus, defendants have met their burden of proving that administrative

3  remedies existed, but were not followed.  See Albino v. Baca, 697 F.3d 1023, 1031-32 (9th Cir.

4  2012).

5       Once defendants meet their burden, the burden shifts to the plaintiff to demonstrate that

6  the grievance procedure was unavailable.  See id. at 1032-33.  Plaintiff has not provided any

7  evidence to meet his burden.  Further, plaintiff has not provided any other evidence of

8  exhaustion to contradict defendants' submission that plaintiff did not re-submit his grievance

9  after Chief Brin's letter, or submit any other administrative grievance about the challenged

10 events.

11      Accordingly, the court concludes that plaintiff has failed to exhaust his administrative

12 remedies, defendants' motion to dismiss is GRANTED.

### CONCLUSION

14      Defendants' motion to dismiss is GRANTED.  Judgment shall be entered in favor of

15 defendants.  The clerk shall terminate all pending motions and close the file.

16      IT IS SO ORDERED.

17 DATED:  _____

                                      RONALD M. WHYTE

18                                       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARVIN R. SEXTON JR,

        Plaintiff,

  v.

SF SHERIFF DEPT. et al,

        Defendant.

Case Number: CV11-03460 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvin R Sexton
10686200
307 Oeana Drive
Pittsburg, CA 94565

Dated: July 31, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk